NO. 07-05-0226-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 25, 2006


______________________________



IN RE P. L. L., a Minor Child 


_________________________________



FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-558,673; HON. PATRICIA MOSELY, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Eddie Lee Wiggins (Wiggins) appeals from an order confirming a non-agreed child
support review order in which he was ordered to pay additional child support. His two
issues revolve around the lack of a reporter's record of the hearing which he had requested
and the absence of evidence supporting the decision to increase his support obligation. 
We overrule each and affirm the trial court's order.

 Regarding the absence of a reporter's record, Wiggins argues that through no fault
of his own, there is none. Thus, he was deprived of an effective appeal. While there is no
reporter's record, the trial court's order indicated on its face that an audio recording was
made of the hearing. Also of record is an affidavit from the administrative assistant to the
associate judge indicating that the audio recording actually exists. Furthermore, Wiggins
alludes to the existence of the recording in his appellate brief. 

 A court reporter is not required in a hearing before an associate judge in a suit
affecting the parent/child relationship unless the judge presides over a jury trial or a final
termination hearing. Tex. Fam. Code Ann. §201.009(a) (Vernon 2002); In re B.R.G., 48
S.W.3d 812, 816-17 (Tex. App.-El Paso 2001, no pet.). No one argues that the case
before us arose from a final termination hearing or a jury trial. And, when a reporter is not
present, the record may be preserved by any other means approved by the associate
judge. Tex. Fam. Code Ann. §201.009(b)&(c) (Vernon 2002); In re B.R.G., 48 S.W.3d at
817. Moreover, statute entitles a party to obtain the presence of a reporter if one is not
provided by the court. Tex. Fam. Code Ann. § 201.009(b) (Vernon 2002). 

 While Wiggins may have asked, several weeks before the hearing, that a reporter
be present, he fails to direct us to anywhere in the record where he objected to the
absence of one. Nor does he direct us to anything of record illustrating that he was denied
opportunity to obtain his own reporter as allowed by statute. And, he fails to explain why
the audio recording made of the evidence does not suffice. Under these circumstances,
we can neither find that the lack of a reporter's record was error nor that appellant was
harmed even if such error occurred. 

 As to the want of evidence supporting the court's decision, we find the matter
waived. Wiggins did not explain why the evidence captured on the audio recording was
insufficient. Nor did he cite us to any portion of that record. Thus, the matter was
insufficiently briefed and, therefore, waived.

 Accordingly, we affirm the order of the trial court.


 Per Curiam



se" Priority="39" Name="toc 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00141-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
30, 2010

 



 

JAMES SCOT THOMAS, APPELLANT

 

v.

 

HECTOR ORTIZ, ET AL, APPELLEE 



 



 

 FROM THE 278TH DISTRICT COURT OF WALKER
COUNTY;

 

NO. 23,855; HONORABLE KENNETH H. KEELING, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Appellant James Scot Thomas,
appearing pro se, filed a notice of
appeal from an order dismissing his civil suit for failure to comply with
Chapter Fourteen of the Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.001-14.014 (Vernon 2002). 
Notice of appeal was timely filed. 
The reporters record and clerks record were filed and Thomass brief
was due June 16, 2010.  Neither the brief
nor a motion for extension of time to file the brief was filed by that date.

By letter of June 28, 2010, we
notified Thomas his brief was past due. 
The letter further notified Thomas his appeal was subject to dismissal
for want of prosecution unless his brief, accompanied by a motion for extension
of time, was filed by July 8, 2010. 
Thomas has not filed his brief or a motion for extension of time.

An appellate court may dismiss a
civil appeal for want of prosecution if an appellant fails to timely file a
brief unless the appellant reasonably explains the failure and the appellee is not significantly injured by the failure. Tex.
R. App. P. 38.8(a)(1). 
On its own motion, with ten days notice to the parties, an appellate
court may dismiss a civil appeal for want of prosecution.  Tex. R. App. P. 42.3(b).  

Thomas has not filed a brief or a
motion for extension by the date specified, despite notice that failure to do
so would subject the appeal to dismissal. 
Accordingly, we dismiss Thomass appeal for want of prosecution.  See
Tex. R. App. P. 38.8(a)(1); 42.3(b).

 

James T. Campbell

Justice 

 

            











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.